IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| FARMERS & MERCHANTS SAVINGS BANK and SECURITY SAVINGS BANK, | ) ) ) | |
| Plaintiffs, | ) | No. C06-2006 |
| vs. | ) ) | |
| CORE FUNDING GROUP, L.P., THOMAS F. EMMICK, and LEGAL INVESTORS, L.L.C. as TRUSTEE OF THE VERDICTS AND SETTLEMENT TRUST II APRIL 1, 2004, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on a resisted Motion to Dismiss filed by Core Funding Group L.P. (Core Funding) and Thomas Emmick (Emmick) on November 7, 2006. Granted.

Plaintiffs Farmers and Merchants Savings Bank (F&M) and Security Savings Bank (Security Savings) brought this action seeking damages for breach of contract against Core Funding (Count 1), breach of contract against Legal Investors and Core Funding (Count 2), conversion against Core Funding and Emmick (Count 3), and tortious interference with a contractual relationship against Core Funding and Emmick (Count 4).

On March 9, 2006, default was entered against Legal Investors, followed by the May 15, 2006, grant of default judgment. On September 25, 2006, plaintiffs' unresisted motion for entry of judgment against Legal Investors was granted. On

October 10, 2006, defendant Legal Investors sought vacation of the default entry and judgment. On November 7, 2006, defendants Core and Emmick moved for dismissal.

On January 16, 2007, the court noted that plaintiffs had not properly pled subject matter jurisdiction. This deficiency was remedied on January 22, 2007.

On May 22, 2007, the court vacated the default judgement and gave defendant Legal Investors an opportunity to file any appropriate motion pertaining to the pending motion to dismiss by not later than June 5, 2007, with any response by plaintiffs due by not later than June 15, 2007. On July 17, 2007, plaintiffs and Legal Investors stipulated to the dismissal of Legal Investors.

Following the July 17, 2007 Stipulation of Dismissal as to Legal Investors, this case was removed from the active records of the court in error. This error came to the court's attention and the matter was restored to the active records of the court on August 28, 2007. The court regrets the delay associated with this action.

Core and Emmick seek dismissal pursuant to FRCP 12(b)(3), asserting improper venue. In support, they urge that the applicable agreements underlying the basis of this action provide the exclusive venue for any legal proceeding arising therefrom must be in Harris County, Texas.

In resistance, plaintiffs urge that the forum selection clause is permissive rather than mandatory, and therefore venue is proper here. Plaintiffs further assert that the clause does not apply to Counts 3 and 4, plaintiffs' tort claims, and the

clause does not apply to plaintiffs' claims against Emmick, as he was not a party to the agreements.

In reply, defendants assert that the forum selection clause is mandatory and exclusive, the tort claims fall within the scope of the forum selection clause as the clause covers "any legal proceeding relating to this agreement," and that Emmick, a non-party to the agreements, is so closely related to the contractual relationship that the forum selection clause applies to him as well.

This action arises from plaintiffs' purchase of the rights to receive money under certain Assumption and Assignment Agreements, and defendants' alleged responsibility for their receipt of that money and failure to pay it over to plaintiffs, characterized as breach of contract in Counts 1 and 2, conversion in Count 3, and interference with contractual relationships in Count 4. The forum selection clause in the Assumption and Assignment Agreements forming the basis of this action provides:

> The parties agree that the proper venue for any legal proceeding relating to this Agreement is in Harris County, Texas.

It is the court's view that the forum selection clause is unambiguous and mandatory, and that all counts clearly are "legal proceeding[s] relating to [the agreements]. Additionally, defendant Emmick, a managing member of Core, was so closely related to the dispute that it was foreseeable that the forum selection clause would apply to him as well in this legal proceeding relating to the agreements. See Smith v. Professional Claims, Inc., 19 FS2d 1276 (MD ALA 1998); Manetti-

Farrow, Inc. V. Gucci America, Inc., 858 F2d 509, 514 n.5 (9th Cir. 1988) (forum selection clause applies to non-parties who are closely related to the contractual relationship).

It is therefore

ORDERED

Dismissed.

January 18, 2008.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT